Holly Sutherland ISB No. 9521
Avery Law
3090 E. Gentry Way, Ste. 150
Meridian, ID 83642
Telephone: (208) 639-9400

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In Re: | ) Case No. 21-00029-NGH |
| | ) |
| Nadia A. Awawda, | ) |
| | ) OBJECTION TO TRUSTEE'S |
| | ) OBJECTION TO EXEMPTION |
| Debtor. | ) |
| | ) |
| _____ | ) |

Comes now, Nadia Awawda ("Debtor"), by and through her counsel of record, Holly Sutherland of Avery Law, and hereby objects to Trustee's Objection to Homestead Exemption (Dkt. No. 23). Debtor recorded a Declaration of Homestead before filing bankruptcy, and Trustee fails to meet the burden required to show Debtor does not intend to live in the property.

1.      Debtor filed for Chapter 7 bankruptcy relief on January 18, 2021. Debtor listed an interest in real property located at 3901 Olympia Dr., Caldwell, Idaho 83605, ("Olympia Property") valued at $150,000.00. Debtor claimed an exemption in the real property pursuant to Idaho Code § 55-1003 in the amount of $175,000.00. The property is encumbered by a first and second mortgage in the amount of approximately $151,885.00 as of the date of filing.

2.      Section 522(b)(1) allows individual debtors to exempt property from property of the bankruptcy estate. A state may "opt out" of the exemption scheme provided in the Bankruptcy

1

Code. 11 U.S.C. § 522(b)(2). Idaho has opted-out of the federal exemptions. I.C. § 11-609.

Idaho's exemption laws control what property Debtors may exempt. An Idaho debtor is permitted

to claim an exemption in a qualifying homestead. I.C. § 55-1001, *et seq. In re Field,* 05.1

I.B.C.R. 11, 13 (Bankr. D. Idaho 2005). Once properly established, the debtor may exempt up to

$175,000 of equity in a homestead. I.C. § 55-1003. As the objecting party, Trustee bears the

burden of proving that Debtor's claim of exemption is not proper. Rule 4003(b); *Carter v.*

*Anderson (In re Carter),* 182 F.3d 1027, 1029 n.3 (9th Cir. 1999); *In re Kline,* 350 B.R. 497, 502

(Bankr. D. Idaho 2005). The validity of the claimed exemption is determined as of the date of

filing of the bankruptcy petition. 11 U.S.C. § 522(b)(3)(A); *Culver, L.L.C. v. Chiu (In re Chiu),*

266 B.R. 743, 751 (9th Cir. BAP 2001). The homestead exemption statutes are to be liberally

construed in favor of the debtor. *In re Kline,* 350 B.R. at 502 (citing *In re Steinmetz,* 261 B.R. 32,

33 (Bankr. D. Idaho 2001); *In re Koopal,* 226 B.R. 888, 890 (Bankr. D. Idaho 1998)).

       3.     Trustee objects to Debtor's claim of exemption pursuant to I.C. § 55-1003 arguing

that, pursuant to the "snapshot rule," the exemption fails because there was no equity in the home

on the date of filing.

       4.     Section 55-1003 provides "[a] homestead may consist of lands, as described in

section 55-1001, Idaho Code, regardless of area, but the homestead exemption amount shall not

exceed the sum of one hundred seventy-five thousand dollars ($175,000)." Prior to March 23,

2020, section 55-1003 provided "...the homestead exemption amount shall not exceed the lesser

of (i) the total net value of the lands, mobile home, and improvements as described in section 55-

1001, Idaho Code; or (ii) the sum of one hundred thousand dollars ($100,000). *"* The Idaho State

Legislature removed the "lesser of" language that created a sliding scale that tied the homestead

2

exemption to the amount of equity in the property at the petition and hence the "snapshot" of the exemption. The statute no longer contains that language allowing the exemption to protect post-petition appreciation of property up to the statutory cap. Given that section 55-1003 allows debtors to claim an exemption up to $175,000 on their homestead without a reference to the equity in the property, Debtor's claim of exemption should be allowed.

4.      Trustee alternatively objects to Debtor's claim of homestead exemption under I.C. § 55-1003 alleging Debtor does not intend to reside in the property because she is currently living in a rental home and her estranged husband lives in the property.

5.      Idaho Code section 55-1001(2) provides that a "[h]omestead means and consists of the dwelling house or the mobile home in which the owner resides or intends to reside..." Under Idaho's homestead exemption statutes, there are two methods for establishing the exemption. *See* I.C. § 55-1004. First, if an owner occupies property as a "principal residence," the property is "automatically" considered her homestead, and gains the protection of the homestead exemption. I.C. § 55-1004(1). Alternatively, a debtor may establish and claim an exemption in property in which she is currently not residing by recording a "declaration of homestead" with the county recorder where the property is located. I.C. § 55-1004(2). The declaration of homestead must include a legal description of the premises, an estimate of the actual case value of the premises, and a statement that the person making it is residing on the premises or intends to reside thereon and claims the premises as a homestead. I.C. § 55-1004(3).

6.      Debtor did not live in the Olympia Property on the date of filing. She lived in a rental property as reflected in her bankruptcy schedules. Thus, Debtor must rely on her recorded declaration to establish her claim of exemption. Debtor executed a Declaration of Homestead and

3

recorded it with Canyon County on January 15, 2021, prior to the bankruptcy filing. *See* Exhibit A. The Declaration satisfies the statutory requirements for a valid declaration by expressly stating that Debtor intends to reside on the property and selects and designates it as her only homestead. Additionally, the Declaration provides the legal description and an estimated cash value of the premises. Thus, on its face, the Declaration is valid.

7.    Trustee objects to Debtor's claim of homestead exemption alleging that Debtor does not intend to live in the property because Debtor's estranged husband is living in the Olympia Property and Debtor is living in a rental. Debtor purchased the Olympia Property in 2007, thereby establishing an automatic homestead when she and her family moved into and occupied the property. Debtor and her family vacated the Olympia Property on or around February 2018 and moved to a new home located at 14906 Beach Cherry Dr., Nampa, Idaho 83651 ("Beach Cherry Property"). Under Idaho Code § 55-1006, Debtor's automatic homestead in the property was presumed abandoned six (6) months after vacating the Olympia Property. Debtor did not file a declaration of nonabandonment. Debtors tried to sell the Olympia Property, but the property had mold and did not sell.

8.    On or around March 2020, Debtor's husband moved into the Olympia Property when the couple began having marital issues. Debtor and her children continued to reside in the Beach Cherry Property until the property was foreclosed in approximately July 2020. After being evicted from the Beach Cherry Property, Debtor began moving her belongings to the Olympia Property with the intention of residing there with her children. Prior to fully moving into the Olympia Property, Debtor's husband decided that he would not move out. Debtor could not move into the Olympia Property while her husband was still there due to a restraining order against

4

him that has been in place since April 2020. Debtor was forced to move into a rental home with her adult daughter. Although Debtor's name was added to her daughter's lease, Debtor is able to leave at any time with thirty (30) days notice. Additionally, the lease expires in July 2020. Debtor must have her husband out of the Olympia Property so she and her children have a place to live when the lease expires.

9.      Proof of an ability to presently or at some future point actually occupy the property is not part of the requirements for homestead by declaration under § 55-1004(2) and (3), or case law construing those provisions. *In re Conley,* 98-6363-TLM (Bankr. D. Idaho Dec, 10, 1999). Due to the restraining order between Debtor and her husband, Debtor does not have the present ability to actually occupy the property. Once Debtor's husband vacates the property, Debtor and her children will move back in and reside there as their principal residence.

WHEREFORE, Debtor respectfully requests that Trustee's Objection to Debtor's Claim of Exemption be denied.

DATED this 26th day of March, 2021.


                                                  /s/
                                                  _____
                                                  Holly Sutherland
                                                  Attorney for Debtor

5

# EXHIBIT A

Recording Request By )
and When Recorded Mail To )
)
Holly Sutherland )
Attorney at Law )                    Nadia Adil Awawda
3090 E. Gentry Way, Ste. 150 )
Meridian, ID 83642 )                        **2021-003581**
)                                           RECORDED
)                                   **01/15/2021 01:21 PM**
)
)
_____ )
                                    0057977920210003581002020
                                            CHRIS YAMAMOTO
                                    CANYON COUNTY RECORDER
        DECLARATION OF HOMESTEAD    Pgs=2  MBROWN              $13.00
           I.C. 55-1001 et. seq.    HOMESTEAD
                                    AVERY LAW GROUP

I, Nadia Awawda, does hereby certify and declare the following:

1. I am of age 18 years or older, and a resident of the State of Idaho at the time of making this Declaration.

2. I am the owner of the following property in the County of Canyon, State of Idaho, and more particularly described as follows:

Lot 8, Block 3, POWELL ESTATES SUBDIVISION NO. 1, Caldwell, Canyon County, Idaho, according to the plat filed in Book 29 of Plats, records of said County.

3. I select and designate the above property, upon which I intend to reside, as my one and only homestead, exempt from attachment, execution and forced sale up to the amount of $175,000.

4. The estimated cash value of the property is $150,000 based on the current condition of the home.

5. The address of this homestead is currently at 3901 Olympia Drive, Caldwell, Canyon County, Idaho 83605. This is the only property I own upon which I have not previously filed a declaration of abandonment.

Dated this _14_ day of January, 2021.


_____
          Nadia Awawda

DECLARATION OF HOMESTEAD

## VERIFICATION

STATE OF IDAHO          )
                        : ss.
County of Canyon        )


Nadia Adil Awawda, being first duly sworn upon oath, deposes and says:

That she is the Petitioner in the above-entitled action; that she has read the above and

foregoing DECLARATION OF HOMESTEAD, knows the contents thereof, and

that the same are true to the best of her knowledge.


_____
Nadia Adil Awawda


SUBSCRIBED AND SWORN TO before me this ____ day of January, 2020.


( S E A L )                     _____
                                Notary Public for Idaho

                                Residing at: _____

                                My Commission expires: _____


DECLARATION OF HOMESTEAD